IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RONALD DUNBAR, #47739-177 § | |
| Petitioner, § | |
| § | |
| v. § | No. 3:19-cv-2066 |
| § | No. 3:15-cr-0433-D (BT) |
| § | |
| ERIC D. WILSON, Warden, § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Ronald Dunbar, a federal prisoner, currently incarcerated at FMC Fort Worth, in Fort Worth, Texas, filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241. For the following reasons, the Court should deny the petition.

I.

On May 13, 2016, Dunbar pleaded guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). (Crim. Docs. 32).[1] The District Court sentenced Dunbar to 57 month's imprisonment. (Crim. Doc. 27, 33). Dunbar filed a motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255, which the Court denied on December 17, 2019. *United States v. Dunbar*, No. 3:18-cv-1521.

On August 19, 2019, Dunbar filed this § 2241 petition. Citing the holding of a recent United States Supreme Court case, Dunbar argues that he is actually innocent.

---

[1] When referencing the docket, the Court will designate the Criminal Action No. 3:15-CR-433-D as "Crim. Doc."

1

II.

Title 28 U.S.C. § 2241 is typically used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). Title 28 U.S.C. § 2255, on the other hand, is the primary means under which a federal prisoner may collaterally attack the legality of his conviction or sentence. *See Cox v. Warden, Fed. Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Section 2241, however, may be used by a federal prisoner to challenge the legality of his or her conviction or sentence if he or she can satisfy the requirements of the § 2255 "savings clause." The savings clause states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that *the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (2017) (emphasis added).

Dunbar bears the burden of showing that the § 2255 remedy is inadequate or ineffective. *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001) (quoting *Pack v. Ysuff,* 218 F.3d 448452 (5th Cir. 2000)). The Fifth Circuit has stated, "§ 2241 is not a mere substitute for § 2255 and [ ] the inadequacy or inefficacy requirement is stringent." *Reyes-Requena*, 243 F.3d at 901; *see also, Pack*, 218 F.3d at 453 ("[M]erely failing to succeed in a section 2255 motion does not establish the inadequacy or ineffectiveness of the section 2255 remedy."). The savings clause applies to a claim (i) that is based on a retroactively applicable Supreme Court decision

which establishes that the movant may have been convicted of a nonexistent offense, and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the movant's trial, appeal, or first § 2255 motion. *See Reyes-Requena*, 243 F.3d at 904.

Here, Dunbar relies on the recent Supreme Court decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), to argue that the Government failed to prove that he "knowingly" possessed a firearm, as required by his statute of conviction. *See* Doc. 1 at 3. However, the decision in *Rehaif* does not benefit Dunbar, as it has not been made retroactive. *See Nixon v. United States*, No. 4:19-cv-747-A, 2019 WL 6498088, at *3 (N.D. Tex. Dec. 3, 2019) (citing *In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019) (*Rehaif* did not announce a new rule of constitutional law made retroactive to cases on collateral review). Further, In *Rehaif*, the Supreme Court held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif*, 139 S. Ct. at 2200. The decision does not establish that Dunbar may have been convicted of a nonexistent offense. It only establishes the Government's burden of proof. Dunbar has also failed to show that his claim was foreclosed by circuit law at the time of his trial or previous § 2255 petition. Thus, Dunbar has failed to satisfy the requirements of the savings clause. His petition should be denied.

### III.

For the foregoing reasons, the Court should deny the § 2241 petition.

Signed December 27, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).